## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

LAWRENCE O. MASON                                              PLAINTIFFS

VS.                                          CIVIL ACTION NO. 3:11cv625-LRA

SHANNON WARNOCK, ET AL                                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER

THIS CAUSE is before the Court on the Motion for Summary Judgment filed by Defendants Linda P. Durr and Michelle Taylor.  The Court has also considered Plaintiff Lawrence O. Mason's sworn testimony given at the omnibus hearing in this cause on May 6, 2012, and his response to the motion.  For the reasons discussed below, the Court finds that the motion is meritorious and should be granted.

### Facts

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  Plaintiff is currently incarcerated as a convicted felon in the Holmes-Humphreys County Correctional Facility [HHCCF] in Lexington, Mississippi.  He was convicted of burglary and larceny of a dwelling on August 1, 1994, and was given a five-year suspended sentence.  On June 15, 1995, that suspended sentence was revoked, and he was ordered to serve the five-year sentence.  On July 18, 2007, he was convicted of possession of cocaine with the intent to distribute and sentenced to serve 15 years, with ten years probation.

Defendant Michelle Taylor is employed by the Mississippi Department of Corrections [MDOC] in the Records Department.  She wrote Plaintiff's ARP First Step

Response.  Defendant Linda P. Durr is also employed by MDOC, with E. L. Sparkman, Deputy Commissioner, and she also wrote a letter for the ARP First Step Response. Plaintiff also named Margaret Bingham, who was no longer employed by MDOC and has not been served with process or entered an appearance in this cause.  Ms. Bingham was the former superintendent of MDOC and provided Plaintiff's Second Step Response.

According to Mason's Complaint, he has wrongfully been denied parole eligibility by MDOC's misapplication of MISS. CODE ANN. § 47-7-3.  A portion of that law allowed nonviolent offenders convicted after June 30, 1995, to be eligible for parole, with certain exceptions which Mason contends do not apply to him.  He charges that MDOC incorrectly interprets the law to require that an inmate can never have been convicted of a violent crime in his lifetime to be eligible for parole under the provisions of §47-7-3.

Mason was convicted of burglary and larceny of a dwelling prior to June 30, 1995, and that crime is considered to be a violent crime under Mississippi law.  *See* MISS. CODE ANN. 47-7-3.  According to Mason, the law should be interpreted as written, and only convictions for violent crimes entered after the law's passage should bar its application to prevent parole consideration.  Liberally construed, Mason claims that MDOC's inconsistent interpretation of the law violates his Due Process rights and the United States Constitution's *ex post facto* prohibition.  He charges that other prisoners convicted of violent crimes before the passage date have been given parole hearings.

Mason asks this Court to issue a declaratory judgment stating that the denial of his parole eligibility is unlawful; that $10,000 in compensatory damages and $10,000 in

punitive damages be awarded to him; and, that an injunction be entered directing

Defendants to provide him with an active parole date.

## Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure sets forth the requirements for

summary judgment.  Rule 56, in relevant part, provides that summary judgment "shall be

rendered forthwith if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of

law." Fed. R. Civ. R. 56(c). To determine if there is a genuine issue of material fact, the

Court must decide "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  The United States

Supreme Court has held that entry of summary judgment is appropriate only "after

adequate time for discovery and upon motion, against a party who fails to make a

sufficient showing to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986).  The plaintiff's burden of proof is established by the elements

of the substantive law, and only facts relevant to those elements will be considered for

summary judgment.  *Id.* at 322.

<u>**Legal Analysis**</u>

*Due Process*

In order to succeed on a § 1983 claim, Plaintiff must prove that a person acting under the color of state law violated a right secured by the Constitution or law of the United States.  *West v. Atkins,* 487 U.S. 42, 48 (1988).  Liberally construed, Plaintiff alleges that the use of the mandatory language "shall" throughout Miss. Code Ann. § 47-7-17, which instructs the Parole Board on the examination of an offender's record and eligibility of parole, creates a protected liberty interest in a prisoner's parole hearings. Plaintiff argues that the refusal to set him a hearing date denied him a meaningful hearing as required by the statute, and in turn, his Fourteenth Amendment substantive due process rights were denied.  According to Plaintiff, §47-7-3(1)(h) gives him a reasonable expectation to be parole eligible because he is "not presently serving a violent crime nor has ever committed a violent crime in his criminal history..."; thus, his due process rights have been violated.

This issue has already been squarely addressed by the courts.  The Fifth Circuit recognizes that the distinction between the use of "may" and "shall" differentiates a prisoner's expectation of parole.  *Scales v. Miss. State Parole Bd.*, 831 F.2d 565, 566 (5th Cir. 1987).     In evaluating the parole statutes, the Fifth Circuit has held that the use of the word "may" in Miss. Code Ann. § 47-7-3(1) indicates that the Parole Board has absolute discretion in determining parole.  *Scales*, 831 F.2d at 566.  Because of the Parole Board's great discretion, prisoners have no sure expectation of release, and in turn, they

4

have no liberty interest in parole.  *Id.*   There is "mandatory" language in other sections of the parole statutes.  But in *Harden v. State*, the Mississippi Supreme Court held that the statutes governing parole are to be read together as a statutory scheme.  *Harden,* 547 So. 2d 1150 (1989).   The Parole Board's parole determinations are completely discretionary. *See id.*; *Vice v. State*, 679 So. 2d 205, 207 (Miss. 1996).  Accordingly, Plaintiff's substantive due process rights have not be violated.

Any claim that Plaintiff's procedural due process rights were violated also fails. The Fifth Circuit has held that "in the absence of a cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." *Johnson v. Rodriguez*, 110 F. 3d 299, 308 (5th Cir. 1997).  Because Plaintiff does not have a liberty interest in parole, any due process challenge to the parole procedures fails.

### Equal Protection

The Fourteenth Amendment Equal Protection Clause requires that all persons who are "similarly situated" be treated alike.  *Vera v. Tue*, 73 F. 3d 604, 609 (5th Cir. 1996) (quoting *City of Cleburne, Tex. v. Cleburne*, 473 U.S. 432, 439 (1985)).  Equal protection further implies "that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for causing an adverse effect on an identifiable group."  *Id.* (quoting *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988)).  Plaintiff alleges that his equal protection rights have been violated because the

5

Parole Board has granted parole hearings to some prisoners who committed a violent crime before the Act's passage.

As a general proposition, prisoners are not a suspect class. *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997). Plaintiff alleges no race or gender discrimination, only discrimination within that group of prisoners who had a violent crime conviction before June 30, 1995. For this reason, heightened scrutiny does not apply. To establish an equal protection claim, Plaintiff must show that he was treated differently for the purpose of causing him some adverse effect. Plaintiff has not established that the Parole Board has any improper motive or intent to adversely effect any certain group of prisoners. At most, Plaintiff has indicated that the Parole Board may be somewhat inconsistent in its application of parole rules or the law. Such inconsistencies do not establish that the Parole Board has an improper motive to deny Plaintiff parole. Without more, this is not an equal protection violation. *See Johnson*, 110 F.3d at 309 ("Were we to allow [the plaintiffs'] Equal Protection challenge in the absence of any showing of *de jure* or *de facto* governmental classification, we would be in effect endorsing, under the aegis of 'Equal Protection,' the general federal constitutional right to be free from arbitrary and capricious state action which our procedural Due Process precedents eschew.")

**Ex Post Facto**

Plaintiff contends that the change made to Miss. Code Ann. § 47-7-3, and how it is interpreted by the MDOC, violates the Ex Post Facto Clause of the United States Constitution.  The United States Supreme Court has stated that the Ex Post Facto Clause "does not extend to every change in the law that may work to the disadvantage" of a party.  *Portley v. Grossman*, 444 U.S. 1311, 1312 (1980).  The Supreme Court has also explained that in order to establish an ex post facto violation, "the focus of the inquiry is... whether any such change. . .increases the penalty by which a crime is punishable."  *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 506-07 n.3 (1995).  Based on these assertions, the Supreme Court has held that there is no ex post facto violation when the state's parole statutes are discretionary since the statutes act as a guideline to the exercise of that discretion.  *Id.*   Statutory changes that affect *eligibility* for parole may violate the clause, but discretionary rules that affect *suitability* for parole do not.  *Id.*   Under Plaintiff's circumstances, the statute was passed *prior* to his 1997 conviction for possession of cocaine--- it is that cocaine conviction that caused him to be parole ineligible, not his earlier burglary of a dwelling conviction.  Although his violent crime predated the passage, that is not the conviction for which Plaintiff was made parole ineligible.  And, his sentence for burglary of a dwelling conviction was not enhanced due to the change in the parole law.  Had Plaintiff not committed a crime after June 30, 1995, the change in parole law would have had no effect on him.

7

The case cited by Plaintiff, *Ray v. State*, 104 So.3d 171 (Miss. App. 2012), is distinguishable form Mason's factual situation.  In that case, it is not a suit for money damages and was filed in the appropriate Mississippi circuit court.  That ruling turned only on the fact that his prior Louisiana conviction of burglary of an inhabited dwelling was *not* a violent crime under Louisiana law.  Further, Plaintiff could request the relief sought by Ray in the state courts, as the state courts may interpret the appropriate application of their statutes regarding parole.

***Immunity***

Even if Plaintiff had a valid constitutional claim, Defendants would be entitled to immunity from this suit, both Eleventh Amendment immunity and qualified immunity.  Plaintiff does not specifically allege in which capacity he is suing Defendants.  In these circumstances, "the Fifth Circuit looks to the substance of the claim, the relief sought, and the course of proceedings" to determine the capacity in which defendants have been sued.  *Forside v. Miss. State Univ.,* 2002 WL 31992181, *5 n.5 (N.D. Miss. 2002).  The pertinent documents show that Plaintiff is only suing these Defendants in their official capacities.  Based on this, the Eleventh Amendment prevents "a suit against state officials when the state is the real, substantial party in interest."  *Pennhurst State Sch. & Hosp. V. Halderman*, 465 U.S. 89, 101 (1984). The Fifth Circuit has held that the Parole Board is an arm of the state, and the Eleventh Amendment immunizes Parole Board members from suit in federal court.  *Miles v. Texas Bd. of Pardons and Paroles*, 379 Fed. App. 420 (5th

Cir. 2010).  Even had Plaintiff named the Parole Board members, who construe the application of the law, Eleventh Amendment immunity would apply.  For these reasons, Defendants are protected by the Eleventh Amendment from Plaintiff's allegations.

If Plaintiff is naming these Defendants in their individual capacities, they are entitled to qualified immunity.  "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  *See also Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006).  The immunity protects "all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs*, 457 U.S. 335, 341 (1986).  To overcome the immunity, a plaintiff must show that there has been a violation of a clearly established federal constitutional or statutory right and that the official's actions violated that right to the extent that an objectively reasonable person would have known.  *Id.*  In this case, it is clear that the two Defendants, who are records custodians, and did not actually interpret the statute on behalf of MDOC---were merely following MDOC policy regarding the interpretation of parole statutes and/or the Mississippi Parole Board's interpretation of the law.  And, the MDOC or Parole Board's interpretation of §47-7-3  is not a "clearly established" violation of a federal constitutional or statutory right.

***Proper Jurisdiction for Parole Eligibility is in State Court***

As urged by Defendants, the Mississippi courts have recognized that parole-eligibility claims may be brought as original actions in a state circuit court. *Lattimore v. Sparkman*, 858 So.2d 936, 938 (Miss. App. 2003); *Williams v. Puckett*, 624 So.2d 496, 497 (Miss. 1993); *Hill v. State*, 838 So.2d 994, 997-98 (Miss. App. 2002); *Ray v. State*. 104 So.3d 171 (Miss. App. 2012).  Plaintiff's arguments regarding his parole eligibility are not claims that would ordinarily provide a monetary judgment award.  His claims would be more appropriately considered by the state circuit court.

## Conclusion

Having considered all of the law on the issues and all of Plaintiff's allegations, the Court finds that there are no genuine issues of material fact in regard to Plaintiff's § 1983 claims.  Plaintiff failed to establish that these Defendants violated the Due Process, Equal Protection, and Ex Post Facto Clauses of the United States Constitution.  Further, Defendants, who are MDOC records custodian employees, are entitled to immunity from suit in federal court.  Defendants are entitled to a judgment as a matter of law and their Motion for Summary Judgment shall be granted.

IT IS, THEREFORE, ORDERED that the Complaint is dismissed with prejudice and Final Judgment in favor of Defendants is entered.

SO ORDERED this the 27th day of March, 2014.


s/   Linda R. Anderson

UNITED STATES MAGISTRATE JUDGE